IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MICHAEL MEZMAR,<br>Plaintiff | § §§ |
| vs. | § § CIVIL ACTION NO. B-03-220 |
| MERRILL LYNCH &CO., INC.,<br>Defendant | § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MICHAEL MEZMAR**, hereinafter referred to by name or as Plaintiff, complaining of **Merrill Lynch & Co., Inc.**, hereinafter referred to by name or as Defendant, and, for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### Parties

1. Plaintiff **Michael Mezmar** is an individual who is a U.S. citizen and resident of Harlingen, Cameron County, Texas. At all times mentioned in this complaint, Plaintiff was employed by Merrill Lynch in the Rio Grande Valley of Texas.

2. Defendant, **Merrill Lynch & Co., Inc.**, is a corporation that is incorporated under the laws of the State of New York. Defendant has its principal place of business in the State of New York. Defendant does not have a registered agent for service of process in the State of Texas. Defendant may be served with process by serving **Michelle Kerr, Merrill Lynch**

**Third Party Litigation, at 1800 Merrill Lynch Drive, 2nd Floor, Pennington, New Jersey 08534.**

## II.
## Jurisdiction

3. The Court has jurisdiction over the lawsuit because the action arises under the Age Discrimination in Employment Act (29 U.S.C. §§ 621 *et seq.*) and the American with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*).

4. Plaintiff Michael Mezmar was wrongfully terminated from his position as Financial Advisor with Merrill Lynch on or about June 24, 2002, due to discrimination based on his age, 47, and his disability of Tourette's syndrome and Essential Tremor disorder.

## III.
## Exhaustion of Administrative Procedures

5. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint. A copy of the notice of the right to sue is attached as Exhibit 1.

## IV.
## Count 1 – Americans with Disabilities Act

6. Plaintiff hereby incorporates by reference paragraphs II and III.

7. Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). 42 U.S.C. §§ 12102, 12111. Plaintiff suffers from Essential Tremor disorder and Tourette's syndrome which substantially limits one or more major life activities. Plaintiff is otherwise qualified to perform the essential functions of being a Financial Advisor.

8. Plaintiff is an employee within the meaning of the ADA.

9. Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability. Defendant's discriminatory acts include firing him when Defendant suspected he was permanently disabled.

10. Defendant discriminated against Plaintiff by refusing to allow him time to receive a proper diagnosis and begin a treatment plan even though Defendant was aware of Plaintiff's neurological condition and doctor visits. Plaintiff requires the following reasonable accommodations to perform the job: medication and time to attend therapy. Although Plaintiff requested these accommodations, Defendant had failed to make them.

## V.
## Count 2 – Age Discrimination in Employment Act

11. Plaintiff hereby incorporates by reference paragraphs II through IV.

12. Plaintiff is an employee within of the Age Discrimination in Employment Act (ADEA) and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. 29 U.S.C. § 630.

13. Defendant is an employer within the meaning of the ADEA. *Id.*

14. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by terminating him.

## VI.
## Damages

15. Plaintiff hereby incorporates by reference paragraphs II through V.

16. As a direct and proximate result Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a) Plaintiff was discharged from employment with Defendant. Plaintiff has been unable

to find at comparable pay. In addition, Plaintiff has incurred expenses in seeking other employment and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendant.

b) Plaintiff suffered damage to his pension or retirement benefits.

c) Plaintiff suffered mental anguish and emotional distress.

d) Plaintiff is entitled to prejudgment interest on lost wages and benefits, and postjudgment interest on all sums, including on attorney fees incurred in this action.

e) Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA. 29 U.S.C. § 626.

## VII.
## Attorney Fees

17. Plaintiff Michael Mezmar was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney fees and costs under the ADEA and 42 U.S.C. § 12205.

## VIII.
## Demand for Jury Trial

18. Plaintiff Michael Mezmar hereby demands, in accordance with Federal Rule of Procedure 38, a trial by jury on all issues.

## IX.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Michael Mezmar prays that this Honorable Court grant the following:

a) Judgment against the Defendant for Plaintiff's damages;

b) Mental anguish damages within the jurisdictional limits of the Court;

c) Prejudgment interest as allowed by law;

d) Attorney, expert, and litigation fees and expenses;

e) Interest on said judgment at the legal rate from date of judgment;

f) Cost of suit herein; and

g) Any such other and further relief, in law and in equity, as the Court deems proper.

SIGNED on the 4th day of December, 2003.

                                                                    Respectfully Submitted,

                                                                    THE ESPARZA LAW FIRM, P.C.

By: _____
              VALERIE R. ESPARZA
              State Bar No. 24002059
              Southern Dist. ID No. 23621
              P.O. Box 369
              Harlingen, Texas 78551-0369
              Tel.: 956.687.4900
              Fax: 956.423.6556

              **Attorney for Plaintiff Michael Mezmar**

# Exhibit 1

EEOC Form 161 (10/96)    U.S. ~~JAL~~ **EMPLOYMENT OPPORTUNITY COM**~~SION~~

# DISMISSAL AND NOTICE OF RIGHTS

To: Michael Mezmar
c/o Valerie R. Esparza
Attorney at Law
422 East Dove Avenue
McAllen, TX 78504

From: U.S. Equal Employment Opportunity Commission
San Antonio District Office
5410 Fredericksburg Road Suite 200
San Antonio, Texas 78229

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 360-A3-00732 | Guillermo Zamora, Enforcement Supervisor | (210) 281-7644 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> **from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>**more than 2 years (3 years)**</u> before you file suit may not be collectible.

On behalf of the Commission

_____    9/11/03
Pedro Esquivel, Director         *(Date Mailed)*

Enclosure(s)

cc:    Merrill Lynch