IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MICHAEL MEZMAR, § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. B-03-220 |
| § | |
| MERRILL LYNCH, PIERCE, FENNER § | |
| & SMITH INCORPORATED, § | |
| Defendant § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MICHAEL MEZMAR**, hereinafter referred to by name or as "Plaintiff," complaining of **Merrill Lynch, Pierce, Fenner & Smith Incorporated**, hereinafter referred to as "Merrill Lynch" or as "Defendant," and, for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### Parties

1. Plaintiff **Michael Mezmar** is an individual who is a U.S. citizen and resident of Harlingen, Cameron County, Texas. At all times mentioned in this complaint, Plaintiff was employed by Merrill Lynch in the Rio Grande Valley of Texas.

2. Defendant, **Merrill Lynch, Pierce, Fenner & Smith Incorporated**, is a corporation that is incorporated under the laws of the State of New York. Defendant may be served with process by serving **Carole G. Miller, Maynard Cooper & Gale, P.C., 1901 Sixth Avenue**

North, 2400 AmSouth/Harbert Plaza, Birmingham, Alabama 35203.

## II.
## Jurisdiction

3. The Court has jurisdiction over the lawsuit because the action arises under the Age Discrimination in Employment Act (29 U.S.C. §§ 621 *et seq.*) and the American with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*).

4. Plaintiff Michael Mezmar was wrongfully terminated from his position as Financial Advisor with Merrill Lynch on or about June 24, 2002, due to discrimination based on his age, 47, and his disability of Tourette's syndrome and Essential Tremor disorder.

## III.
## Exhaustion of Administrative Procedures

5. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint. A copy of the notice of the right to sue is attached as Exhibit 1.

## IV.
## Count 1 – Americans with Disabilities Act

6. Plaintiff hereby incorporates by reference paragraphs II and III.

7. Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). 42 U.S.C. §§ 12102, 12111. Plaintiff suffers from Essential Tremor disorder and Tourette's syndrome which substantially limits one or more major life activities. Plaintiff is otherwise qualified to perform the essential functions of being a Financial Advisor.

8. Plaintiff is an employee within the meaning of the ADA.

9. Defendant violated the ADA by intentionally discriminating against Plaintiff because of his

disability. Defendant's discriminatory acts include firing him when Defendant suspected he was permanently disabled.

10. Defendant discriminated against Plaintiff by refusing to allow him time to receive a proper diagnosis and begin a treatment plan even though Defendant was aware of Plaintiff's neurological condition and doctor visits. Plaintiff requires the following reasonable accommodations to perform the job: medication and time to attend therapy. Although Plaintiff requested these accommodations, Defendant had failed to make them.

### V.
### Count 2 – Age Discrimination in Employment Act

11. Plaintiff hereby incorporates by reference paragraphs II through IV.

12. Plaintiff is an employee within of the Age Discrimination in Employment Act (ADEA) and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. 29 U.S.C. § 630.

13. Defendant is an employer within the meaning of the ADEA. *Id.*

14. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by terminating him.

### VI.
### Damages

15. Plaintiff hereby incorporates by reference paragraphs II through V.

16. As a direct and proximate result Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a) Plaintiff was discharged from employment with Defendant. Plaintiff has been unable to find at comparable pay. In addition, Plaintiff has incurred expenses in seeking

    other employment and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendant.

b)  Plaintiff suffered damage to his pension or retirement benefits.

c)  Plaintiff suffered mental anguish and emotional distress.

d)  Plaintiff is entitled to prejudgment interest on lost wages and benefits, and postjudgment interest on all sums, including on attorney fees incurred in this action.

e)  Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA. 29 U.S.C. § 626.

## VII.
### Attorney Fees

17. Plaintiff Michael Mezmar was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney fees and costs under the ADEA and 42 U.S.C. § 12205.

## VIII.
### Demand for Jury Trial

18. Plaintiff Michael Mezmar hereby demands, in accordance with Federal Rule of Procedure 38, a trial by jury on all issues.

## IX.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Michael Mezmar prays that this Honorable Court grant the following:

a)  Judgment against the Defendant for Plaintiff's damages;

b)  Mental anguish damages within the jurisdictional limits of the Court;

d)   Attorney, expert, and litigation fees and expenses;

e)   Interest on said judgment at the legal rate from date of judgment;

f)   Cost of suit herein; and

g)   Any such other and further relief, in law and in equity, as the Court deems proper.

SIGNED on the 23rd day of January, 2004.

Respectfully Submitted,

THE ESPARZA LAW FIRM, P.C.

By: _____
VALERIE R. ESPARZA
State Bar No. 24002059
Southern Dist. ID No. 23621
P.O. Box 369
Harlingen, Texas 78551-0369
Tel.: 956.687.4900
Fax: 956.423.6556

**Attorney for Plaintiff Michael Mezmar**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's First Amended Original Complaint was served pursuant to the Rules on January 23, 2004, to the following:

Carole G. Miller
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203



_____
VALERIE R. ESPARZA