IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MEZMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | B-03-220 |
| MERRILL LYNCH, PIERCE, FENNER | ) | |
| & SMITH INC. | ) | |
| Defendant. | ) | |

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. ("Defendant") and answers the Plaintiff's First Amended Complaint. All matters not expressly admitted herein are denied.

### I.
### Parties

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. asserts that it is a Delaware Corporation with its principle place of business in New York and therefore, denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint. Defendant admits that it has accepted service of Plaintiff's Amended Complaint.

### II.
### Jurisdiction

3. Defendant admits that the Court has jurisdiction over this lawsuit.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint and demands strict proof thereof.

### III.
### Exhaustion of Administrative Procedures

5. Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and that Plaintiff received a notice of the right to sue from the EEOC within 90 days of filing his Complaint. Defendant has insufficient knowledge or information to admit or deny Plaintiff's allegations that he filed his EEOC charge in a timely manner, and therefore denies the same.

### IV.
### Count 1 - Americans with Disability Act

6. Defendant reasserts and incorporates by reference its responses in paragraphs 1 through 5 as if fully set forth herein

7. Defendant has insufficient knowledge or information to admit or deny the allegations reflected in Paragraph 7 of Plaintiff's First Amended Complaint and therefore deny the same.

8. Defendant admits the allegation contained Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and demands strict proof thereof.

### V.
### Count 2 - Age Discrimination in Employment Act

11. Defendant reasserts and incorporates by reference its responses in paragraphs 1 through 10 as if fully set forth herein.

12. Defendant admits that Plaintiff is an employee over the age of 40 years and is therefore subject to the protections of the Age Discrimination in Employment Act (ADEA). Defendant denies that it violated the ADEA and/or that Plaintiff is entitled to any relief under that Act.

13. Defendant admits the allegation contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

## VI.
## Damages

15. Defendant reasserts and incorporates by reference its responses in paragraphs 1 through 14 as if fully set forth herein.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint, including sub-paragraphs a) through e), and demands strict proof thereof.

## VII.
## Attorney Fees

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and demands strict proof thereof.

## VIII.
## Demand for Jury Trial

18. Paragraph 18 does not require any response from Defendant.

## IX.
## Prayer

Defendant denies that Plaintiff is entitled to the relief sought in the paragraph

beginning with "WHEREFORE", including subparagraphs a) through g), and/or that Plaintiff is entitled to any other relief in this action.

## IX.
## AFFIRMATIVE AND OTHER DEFENSES

1.   To avoid waiver, Defendant states that some or all of Plaintiff's claims are barred by Plaintiff's failure to initiate or exhaust administrative remedies or to do so in a timely fashion.

2.   To avoid waiver, Defendant states that some or all of Plaintiff's claims are untimely or otherwise barred by the applicable limitations period(s).

3.   To avoid waiver, Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, estoppel, release, unclean hands and/or waiver.

4.   Without conceding that Merrill Lynch has the burden of proof on this issue, Merrill Lynch based all actions with regard to Plaintiff on legitimate, good-faith, non-discriminatory, business factors.

5.   Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Merrill Lynch had anti-discrimination policies in effect and Plaintiff failed to bring his complaints to the attention of Merrill Lynch, and Merrill Lynch responded promptly and appropriately to any complaints of discrimination or harassment that were brought to its attention in accordance with Merrill Lynch's policy.

6.   Without conceding that Merrill Lynch has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Merrill Lynch avers that, through use of diligent efforts, Plaintiff could have mitigated his

alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

7.　Plaintiff cannot recover punitive damages because Merrill Lynch at all relevant times made a good faith effort to comply with all applicable anti-discrimination statutes and any discriminatory actions or decisions by its managerial agents (which Defendant denies) were contrary to those good faith efforts.

8.　Plaintiff's claims and/or alleged damages are limited by the after-acquired evidence doctrine.

9.　Plaintiff was not a qualified individual with a disability.

10.　Assuming Plaintiff was a qualified individual with a disability (which Defendant denies), Defendant gave due consideration to any reasonable accommodation for Plaintiff's alleged disability.

11.　Plaintiff failed to request or identify to Defendant a reasonable accommodation for his alleged disability.

12.　To the extent Plaintiff requested accommodations (which Defendant denies), said accommodations were not reasonable under the circumstances and/or would have caused or resulted in undue hardship as to Defendant.

13.　Any damages suffered by Plaintiff were not caused by any action, conduct, or behavior or incidents for which Defendant is or could be liable.

14.　At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant, MERRILL LUNCH, PIERCE, FENNER & SMITH INC., prays that upon final trial and hearing hereof, Plaintiff takes nothing by his suit, that Defendant recover all costs incurred herein, and that Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled

Signed on February 9, 2004.

          Respectfully submitted,

          MAYNARD COOPER & GALE, P.C.
          1901 Sixth Avenue North
          2400 AmSouth/Harbert Plaza
          Birmingham, Alabama 35203
          Telephone:   (205) 254-1096
          Facsimile:    (205) 254-1999

          By: _____
               Carole G. Miller
               State Bar No. ASB 7242 M71C
               Federal Bar No. GOLIC7242

OF COUNSEL:

Francisco J. Zabarte
SANCHEZ, WHITTINGTON & JANIS
100 North Expressway 83
Brownsville, Texas 78521-2284

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on February 9th ___, 2004.

Valerie R. Esparza
P. O. Box 369
Harlingen, Texas 78551-0369

_____
Francisco J. Zabarte

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

_____
Francisco J. Zabarte