*10*

United States District Court
Southern District of Texas
FILED

APR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MEZMAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NUMBER: |
| | § | B-03-220 |
| MERRILL LYNCH, PIERCE, FENNER | § | |
| & SMITH INC. | § | |
| | § | |
| Defendant. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State where & when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   The Rule 26(f) meeting was conducted via telephone on Monday April 5, 2004 at 2:30 p.m. and was attended by Valerie R. Esparza, Esq. (on behalf of Plaintiff) and by Frank J. Zabarte, Esq. and Carole G. Miller, Esq. (on behalf of Defendant).

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

   The parties agree that this Court has jurisdiction over this matter as Plaintiff is asserting claims under federal statutes, namely, the Americans with Disabilities Act and Age Discrimination in Employment Act.

4. **Name the parties who disagree and the reasons.**

   Not applicable.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed to provide initial disclosures pursuant to Rule 26 within fourteen days of their meeting, or by April 19, 2004.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

      1.) Disclosures to be supplemented as information is obtained through informal investigation and formal discovery.

      2.) Plaintiff and Defendant will conduct discovery based on claims made and defenses asserted.

      3.) No Rule 16 orders are required that the parties are aware of at this time.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

      Plaintiff anticipates sending interrogatories to Defendant by May 24, 2004.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

      Defendant anticipates sending interrogatories to Plaintiff by June 30, 2004.

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

      Subject to discovery, Plaintiff anticipates deposing the corporate representative of Defendant no later than November 30, 2004. Other depositions may become necessary depending on what is revealed in discovery.

> E. **Of whom and by when the defendant anticipates taking oral depositions.**
>
> Subject to discovery, Defendant anticipates deposing the Plaintiff no later than November 30, 2004. Other depositions may become necessary depending on what is revealed in discovery.
>
> F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**
>
> To the extent an expert is utilized, Plaintiff will designate that expert and provide an expert report required by Rule 26(a)(2)(B) by November 1, 2004. To the extent Defendant utilizes an expert, it will designate the expert and provide an expert report required by Rule 26(a)(2)(B) by December 15, 2004.
>
> G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B)(expert report).**
>
> Plaintiff will depose any expert witnesses by February 28, 2005.
>
> H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B)(expert report).**
>
> Defendant will depose any expert witnesses by February 28, 2005.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

12. **State the date the planned discovery can reasonably be completed.**

    February 28, 2005.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meting.**

    The parties have discussed the possibility of settlement and Plaintiff's counsel has

agreed to forward a demand. Both sides are amenable to mediation after some preliminary discovery has been conducted.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Plaintiff's counsel has agreed to discuss settlement further with her client and to forward a demand to Defendant's counsel. Counsel have also agreed to discuss mediation again after some preliminary discovery has taken place.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   See responses to 13 and 14 above.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties do not jointly consent to magistrate jurisdiction over this matter.

17. **State whether a jury demand has been made and if it was made on time.**

   Yes.

18. **Specify the number of hours it will take to present the evidence in this case.**

   Subject to what is learned through discovery, the parties estimate that a trial of this matter will take approximately 30-40 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   The parties are not aware of any pending motions at this time.

20. **List other motions pending.**

   The parties are not aware of any pending motions at this time.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   The parties are not aware of any matters peculiar to this case at this time.

**22.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

Valerie R. Esparza, Esq.
P. O. Box 369
Harlingen, Texas 78551-0369
State Bar No. 24002059
Federal ID No. 23621
Telephone: (956) 687-4900
Counsel for Plaintiff, Michael Mezmar

MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205) 254-1096
Facsimile: (205) 254-1999
Carole G. Miller
State Bar No. ASB 7242 M71C
Federal Bar No. GOLIC7242

OF COUNSEL:

Francisco J. Zabarte
SANCHEZ, WHITTINGTON & JANIS
100 North Expressway 83
Brownsville, Texas 78521

Respectfully Submitted,

Law Office of Valerie R. Esparza, Esq.
P. O. Box 369
Harlingen, Texas 78551-0369
Telephone: (956) 687-4900


By: _____
    Valerie R. Esparza,
    State Bar No. 24002059
    Federal ID No. 23621

MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205) 254-1096
Facsimile: (205) 254-1999


By: *Carole G. Miller w/permission* /s/ Zabarte
    Carole G. Miller
    State Bar No. ASB 7242 M71C
    Federal Bar No. GOLIC7242

OF COUNSEL:

Francisco J. Zabarte
SANCHEZ, WHITTINGTON & JANIS
100 North Expressway 83
Brownsville, Texas 78521

### Certificate of Service

On this the 12th day of April, 2004, a true and correct copy of the foregoing was duly served by mailing same, postage prepaid, to:

Law Office of Valerie R. Esparza, Esq.
P. O. Box 369
Harlingen, Texas 78551-0369

_____
Francisco J. Zabarte