IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MICHAEL MEZMAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NUMBER: |
| | § | B-03-220 |
| MERRILL LYNCH, PIERCE, FENNER | § | |
| & SMITH INC. | § | |
| | § | |
| Defendant. | § | |

## AGREED MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., by and through its attorney of record, and files this Agreed Motion For Protective Order and in support thereof would respectfully show unto the Court the following:

1. On July 19, 2004, Plaintiff, Michael Mezmar, and Defendant, Merrill Lynch, Pierce, Fenner & Smith Incorporated, entered into a Confidentiality Agreement and Protective Order.

2. The information sought by the Parties is confidential and its public dissemination would be harmful because the information includes trade secrets and/or proprietary information developed with the Parties' expense and expertise that would be of great value to the Parties' competitors, and its disclosure to them would impair the Parties' ability to retain their customers, proprietary information, and standing in the marketplace.

3. The Parties request the Court limit the use of any information provided as specified in the proposed, agreed order attached.

WHEREFORE, the parties request that the Court issue a protective order, as proposed,

limiting the distribution of the information in question, and for all such other and further relief, at law and in equity, to which the Parties may be justly entitled.

            Respectfully submitted,

            SANCHEZ, WHITTINGTON, JANIS
             & ZABARTE, L.L.P
            100 North Expressway 83
            Brownsville, Texas 78521

         By: _____
            Francisco J. Zabarte
            Federal ID. No. 10747
            State Bar No. 22235300

            ATTORNEY FOR DEFENDANT

OF COUNSEL:

MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
Telephone: (205) 254-1096
Facsimile: (205) 254-1999

Certificate of Conference and Agreement

I hereby certify that Defendants have spoken with Plaintiff's attorney, Ms. Valerie R. Esparza, on or about the 19th day of July, 2004 and that she agrees to this Motion as shown by her signature on the proposed protective order enclosed.

                                                              _____
                                                              Francisco J. Zabarte

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was forwarded by U.S. Certified Mail, Return Receipt Requested, postage prepaid, properly addressed to Ms. Valerie R. Esparza, counsel for the Plaintiff, on the 17th day of August, 2004.

Ms. Valerie R. Esparza
P.O. Box 369
Harlingen, Texas 78551-0369

                                                              _____
                                                              Francisco J. Zabarte

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MICHAEL MEZMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | B-03-220 |
| MERRILL LYNCH, PIERCE, FENNER ) | |
| & SMITH INC. ) | |
| ) | |
| Defendant. ) | |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Michael Mezmar ("Plaintiff") and Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Defendant") enter into this confidentiality agreement on this 19th of July, 2004.

1. The parties acknowledge that they will be exchanging documents and information solely because they are parties to the above-captioned litigation and thus agree that all information exchanged between them will be used only for purposes of this litigation and any related litigation between the parties hereto and for no other purpose.

2. The parties also acknowledge that it is likely they will produce in this litigation information that is confidential or proprietary.

3. "Information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise.

4. Either party can designate confidential or proprietary information that is not in the public domain as "confidential," in which event such information shall be treated as follows:

(a) Confidential information may not be shown or disclosed to any person other than: (i) counsel to a party, including paralegals, secretaries and support personnel working for that attorney on this litigation; (ii) a party to the litigation, including immediate family members and those employed by the party who are involved in the facts underlying the litigation or involved in the prosecution or defense of the litigation and who counsel to the party believes should have access to the information, provided that such persons understand the need to maintain the confidentiality of the information; (iii) experts retained by or on behalf of the party, provided such expert agrees to abide by the terms of this confidentiality agreement and order as evidenced by his or her signature on the form annexed hereto as Exhibit A; (iv) judges, court reporters and employees of the Court who is participating in the hearing of this case; and (v) witnesses who are expected to testify during trial or during any related litigation between the parties hereto, and any potential witnesses to the extent necessary to interview, prepare the witness for testimony, or question the witness, provided that such witnesses or potential witnesses who are not employees of a party to this litigation agree to abide by the terms of this confidentiality agreement and order as evidenced by his or her signature or the form annexed hereto as Exhibit A.

(b) At the conclusion of the litigation or any related litigation between the parties, all confidential information that is in physical tangible form shall be destroyed or returned to the party designating the information as confidential.

5. Any party can designate information produced in the litigation as "confidential." The party shall do so in the following manner:

(a) If the information is a document and is produced by the party seeking to designate the information as confidential, the party shall mark the document as confidential on the face of the document. If the information is in a document produced by someone other than the party seeking to designate the document as confidential, the party seeking to designate the information as confidential shall notify the other party to the litigation in writing that it considers the information confidential and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

(b) If the information is contained in a response to a request for information or other interrogatory by the party seeking confidential treatment, the party shall designate the response as confidential when responding to the request. If the information is contained in a response by someone other than the party seeking confidential treatment, the party seeking to designate the information as confidential shall notify the other party to the litigation in writing that it considers the information confidential and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

(c) If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

6. Information inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

7. If any party to the litigation receives from a third party a subpoena, discovery request or other demand for confidential information disclosed in this litigation, the party receiving the subpoena, discovery request or other demand for confidential information shall take the steps it deems reasonably necessary to preserve the confidentiality of the information and shall immediately notify the party who demanded confidential treatment that it has received a demand for the information and shall reasonably cooperate with the party who designated the information as confidential in seeking a protective order or other limitation by the arbitrators or a court on disclosure of the confidential information.

8. The agreement to keep information confidential shall not be construed as an acknowledgment that such information is confidential, and the agreement to maintain confidentiality shall not be offered or used to support a position that the information is in fact confidential.

9. The designation of information as confidential shall constitute a certification that the party seeking confidentiality believes in good faith that the information is confidential or proprietary information that is not in the public domain, that restrictions on disclosure are otherwise necessary to protect the privacy interests of individuals or that the other good cause exists under applicable law to restrict access to the information. Disclosure of confidential information pursuant to this confidentiality agreement and order shall not be construed as a waiver of the confidentiality of the information.

10. If any party believes that information has been improperly designated as confidential and seeks to challenge that designation, it shall first confer with the party that designated the information as confidential to resolve the dispute without the intervention of the arbitrators. If it is not possible to resolve the dispute, the party seeking to have the confidentiality designation removed shall make a motion before the arbitrators. However, the burden shall be on the party designating the information as confidential to justify why the information is entitled to confidential treatment. The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

11. The parties producing information in this litigation are relying upon this agreement and order, and therefore, it may not be modified except by mutual agreement of the parties.

12. This agreement shall be governed by the Federal Rules of Civil Procedure and applicable federal case law.

_____
Michael Mezmar

_____ ADMIN MGR
MERRILL LYNCH, PIERCE,
FENNER & SMITH INC.

_____
Valerie R. Esparza, Esq.
Attorney for Plaintiff

So Ordered:

_____
Carole G. Miller
Attorney for Defendant

_____

# EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have read the Confidentiality Agreement and Order, attached hereto, in the litigation of *Michael Mezmar v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* and agree to abide by its terms and to use any information that I receive in connection with that litigation solely for purposes of that litigation and any related litigation between the parties and to maintain the confidentiality of any information so designated. I submit to the jurisdiction of the district court in this case and to the courts of Texas for purposes of the enforcement of this confidentiality agreement and order.

_____